IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MICHELLE A. MILLER,**  )<br>  )<br>**Plaintiff,**  )<br>  )<br>v.   )<br>  )<br>**TSG RESOURCES, INC. d/b/a**  )<br>**SCP HEALTH,**  )<br>Serve Registered Agent:   )<br>**CT Corporation System**  )<br>**120 South Central Avenue**  )<br>**Clayton, Missouri 63105**  )<br>  )<br>**Defendant.**  ) | Case No. 4:21-cv-01068 |

## COMPLAINT

COMES NOW Plaintiff Michelle A. Miller, by and through the undersigned counsel of record, and for her Complaint against Defendant TSG Resources, Inc. d/b/a SCP Health hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* and the Missouri Human Rights Act against Defendant for unlawfully discriminating against plaintiff Michelle A. Miller in the terms and conditions of her employment on the basis of her sex and retaliating against her for reporting complaints based upon her protected class status.

## THE PARTIES

2. Plaintiff Michelle A. Miller ("Plaintiff") resides in the State of Illinois.

3. Defendant TSG Resources, Inc. d/b/a SCP Health (hereinafter "Defendant") is located in the State of Missouri and is responsible for the employment discrimination and sexual harassment

1

of Plaintiff. Defendant can be served through its Registered Agent at CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

4. Original federal question jurisdiction over this suit is conferred on this Court by 28 U.S.C §§ 1331 as it is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq*.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in and around St. Louis, St. Louis County, Missouri, and where Plaintiff suffered the unlawful employment practices and the resultant damages.

6. All conditions precedent to jurisdiction have occurred or been complied, in that Plaintiff filed her administrative charge in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit A.

7. The EEOC issued Plaintiff a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Right to Sue is attached as Exhibit B.

8. The Missouri Commission on Human Rights also issued Plaintiff a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Right to Sue is attached as Exhibit C.

## GENERAL ALLEGATIONS

9. Plaintiff worked for Defendant as a Regional Vice President at SCP Health in St. Louis since January of 2015.

10. Throughout Plaintiff's tenure in this position, she was qualified for the position and performed her job duties more than satisfactorily.

11. In 2018, Plaintiff's supervisor, Jude Reed, began sending her explicit test messages including but not limited to comments such as "owing [Plaintiff] a kiss with tongue" and a "boob squeeze."

12. At all times relevant herein, Plaintiff's supervisor, Mr. Reed, was acting as an agent, servant, and employee of Defendant.

13. Mr. Reed also sent Plaintiff a photograph of a girl at an airport with her thong underwear exposed.

14. Mr. Reed told Plaintiff that another female employee had reported him for similar behavior and that Mr. Reed would make sure that Defendant fired her for reporting him.

15. Upon information and belief, the other female employee who reported Mr. Reed for the similar behavior that Mr. Reed told Plaintiff he would have fired, was indeed terminated.

16. Mr. Reed threatened Plaintiff that she could lose her job too if she told anyone about his sexually-charged text messages to her.

17. Upon information and belief, Defendant had knowledge of Mr. Reed's inappropriate behavior and sexual harassment of female employees.

18. Upon information and belief, Defendant had reprimanded Mr. Reed for his inappropriate conduct toward Defendant's Chief Financial Officer (CFO) who is female.

19. At the beginning of 2020, Plaintiff reported Mr. Reed's sexual harassment to Mr. Reed's supervisor, Beverly Gladney.

20. At all times relevant herein, Mr. Reed's supervisor, Ms. Gladney, was acting as an agent, servant, and employee of Defendant.

21. Ms. Gladney acknowledged the human resources investigation of Mr. Reed regarding Defendant's CFO's complaint.

22. Plaintiff also reported Mr. Reed's sexual harassment to Defendant's Human Resources Department.

23. At all times relevant herein, Defendant's Human Resources Department was acting as an agent, servant, and employee(s) of Defendant.

24. Plaintiff was told that there would be a human resources investigation of Mr. Reed regarding her complaint and then Defendant's Human Resources Department would get back with her.

25. Defendant's Human Resources Department emailed correspondence to Plaintiff stating there would be consequences for the things that she had reported about Mr. Reed.

26. Immediately following Plaintiff's report to Defendant's Human Resources Department, she was retaliated against for making the complaint about Mr. Reed.

27. Plaintiff was up for a promotion and upon information and belief, Mr. Reed retaliated against her by eliminating the position that she was to be promoted.

28. On April 9, 2020, less than a week after reporting Mr. Reed to Defendant's Human Resources Department, Plaintiff received a letter notifying her of her termination with Defendant.

29. Upon information and belief, Mr. Reed has a pattern and practice of harassing Defendant's female employees.

30. Plaintiff was terminated from her employment with Defendant.

31. Throughout Plaintiff's employment, the employees of Defendant listed herein failed to prevent or correct the harassment and discriminatory behavior from occurring and instead retaliated against Plaintiff.

32. At all times relevant herein, the above-named individuals were agents, servants and employees of Defendant and were at all times acting within the scope and course of their agency

and employment, or their actions were expressly authorized and ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or perpetrators under all theories pled herein.

## COUNT I:
### Sex Discrimination-Title VII
### Against Defendant

33. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

34. Defendant discriminated against Plaintiff in the terms and conditions of her employment.

35. Defendant's conduct constitutes intentional discrimination on the basis of sex, with malice and disregard of Plaintiff's rights.

36. Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on sex.

37. Management level employees perpetuated the discrimination based on Plaintiff's sex.

38. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's sex but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

39. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

40. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

41.     Plaintiff is entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II:
### Retaliation – Title VII
### Against Defendant

42.     Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

43.     Plaintiff engaged in protected activity by reporting and opposing conduct made unlawful by Title VII as described above, including complaining of sex discrimination and harassment to which she and other female employees were being subjected.

44.     Plaintiff suffered adverse employment action in that she was terminated from employment after she complained about sexual discrimination and harassment.

45.     Management level employees perpetuated the discrimination based on Plaintiff's sex.

46.     In addition, management level employees knew or should have known of the discrimination based on Plaintiff's sex but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

47.     As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

48.     In retaliation for Plaintiff's protected activities, Defendant terminated Plaintiff.

49. There is a causal connection between Plaintiff's exercise of protected activity and her termination.

50. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

51. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

52. Plaintiff is entitled to recover all of her costs, expenses, and attorneys' fees incurred in this matter as well as other appropriate, including equitable relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT III:
### Violation of the Missouri Human Rights Act – Sex Discrimination
### R.S.Mo. § 213.010, *et seq.* Against Defendant

53. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

54. The actions of Defendant constitute unwelcome and discriminatory conduct.

55. Plaintiff's sex was a factor in the discriminatory conduct she experienced and suffered.

56. The discriminatory conduct included, but was not limited to, unwanted sexual harassment by Defendant's employee, Mr. Reed, as described herein.

57. Plaintiff's terms and conditions of employment were adversely affected as a result of Defendant's conduct.

58. Defendant's conduct caused Plaintiff degradation, humiliation, anxiety, and emotional distress.

59. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

60. Management level employees perpetuated the discrimination based on Plaintiff's sex.

61. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's sex but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

62. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, for a finding that she has been subjected to unlawful discrimination as prohibited by R.S.Mo. § 213.010 *et seq.*; for an award of compensatory and punitive damages, for her costs expended, for her reasonable attorneys' fees and for such other relief as this Court deems just and proper.

**COUNT IV:**
**Violation of the Missouri Human Rights Act-Retaliation**
**Against Defendant**

63. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

64. Defendant's conduct included, but was not limited to, terminating Plaintiff's employment after she reported Mr. Reed's sexual harassment of her to Defendant's Human Resources Department and his supervisor, Ms. Gladney.

65. Plaintiff's terms and conditions of employment were adversely affected as a result of Defendant's conduct.

66. Defendant's conduct caused Plaintiff degradation, humiliation, anxiety and emotional distress.

67. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

68. As a proximate result of Defendant's acts as aforesaid, Plaintiff was retaliated against and has suffered termination of her employment.

69. Management level employees perpetuated the retaliation against Plaintiff.

70. In addition, management level employees knew or should have known of the retaliation against Plaintiff, but failed to address the retaliation and further failed to implement effective and appropriate procedures to stop said retaliation.

71. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, for a finding that she has been subjected to unlawful retaliation as prohibited by Mo.Rev.Stat. 213.010 *et seq.*, for an award of compensatory and punitive damages, for her costs expended, for her reasonable attorneys' fees and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

Respectfully submitted,

**LAUREN ALLEN, LLC**

By: */s/ Lauren Perkins Allen*
Lauren Perkins Allen, #49845MO
4717 Grand Avenue, Suite 130
Kansas City, Missouri 64112
Telephone: 816.877.8120
Facsimile: 816.817.1120
Email: lpa@laurenallenllc.com
**ATTORNEY FOR PLAINTIFF**